# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
CASE NO.

KENZO S.A.,

      Plaintiff,

vs.

ALBERTEE a/k/a AUDREY JULIET, CASI
EXPRESS, FREDERIC ELIZABETH,
WILLIAM'S GENERAL SHOP, LEN BRIGHT,
NAZA SHOP, PIONEER GAME, SINGA INC,
TREVOR OLA, WILLIAM WHY, ZONA
HUGHES, and KINGSA SUPPLIER; APRIL
WESTBROOK; BARBARA KE; BARBARA
ROSARIO; BCHRYSTALIEBR; BHEDJ WOA;
BHJAOIIDJR; BNUFBN BGRBG; BOBOTO
a/k/a BILL DANIEL, DARCY-RO, FIVE-GO,
5G0RLKUY8, FRONIT, MOONINGHT, ROCK
& RO, and VRTR; CARMONOUDI CO.,LTD;
COLEYE SHOP; DALL DRO; GAKETE a/k/a
HNJU, KDTMK, and ROBERT WESTBROOK;
GFDJFD HKHY; GONGGUOFU a/k/a
MINCETH; GREGORY HA; GREGORY
YOUNG; HAIFEI; HN HSS XL a/k/a
ZENGCHENG MAOYI; JERRY BADOLATO;
JOHN COLLIGAN a/k/a LIN JIAN QING, and
WU HUA QING; JOSEDURAN; LALA
MCKENZIE a/k/a ONGDFO; LILLIE AD; LIN
YUN FU; MARVIN SIMS; MWO OPQ; NDER
MOMENT SERE YCIEU; SHANGYU-WG;
SHENZHENFURUIXIANGMAOYI; WUHUO;
WUIWOE QIANA; WUYUFANG;
XINXINGXIANGYUAN INC- HUALING YU
a/k/a XUEJING; ZIBOHUICHANGCC;
BINSTINOO; FHEIOI; GEORGE
YOUNGDAHL; MEIDI; STEPHANIE LAGACE;
TALEEN LOBSINGERH, and WZBQW,
EACH AN INDIVIDUAL, PARTNERSHIP, OR
UNINCORPORATED ASSOCIATION

      Defendants.          /

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Kenzo S.A. ("Plaintiff" or "Kenzo") hereby sues Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" hereto (collectively "Defendants"). Defendants are promoting, selling, offering for sale and distributing goods bearing counterfeits and confusingly similar imitations of Kenzo's trademarks and/or using images that are exact copies and confusingly similar imitations of Kenzo copyrighted works within this district through various Internet based e-commerce stores using the seller identities set forth on Schedule "A" hereto (the "Seller IDs"). In support of its claims, Kenzo alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action for federal trademark counterfeiting and infringement, false designation of origin, copyright infringement, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, and 1125(a), 17 U.S.C. § 101 *et seq,* and The All Writs Act, 28 U.S.C. § 1651(a).   Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 101 *et seq,* and 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Kenzo's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2.     Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this district, through at least the Internet based e-commerce stores accessible in Florida and operating under their Seller IDs.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens who are engaged in infringing activities and causing harm within this district by advertising, offering to sell, and selling infringing products to consumers in Florida.

## THE PLAINTIFF

4.     Kenzo is a foreign business entity organized under the laws of the Republic of France with its principal place of business located at 18 Rue Vivienne, Paris, France 75002. Kenzo markets and sells its products throughout the world, including within this district. Kenzo is, in part, engaged in the business of manufacturing and distributing throughout the world, a variety of high quality luxury goods under multiple world famous common law and federally registered trademarks and copyrighted works, as discussed in Paragraph 14 below and identified in Schedule "B" hereto. Kenzo offers for sale and sells its trademarked goods within the State of Florida, including this district. Defendants, through the sale and offer to sell counterfeit and infringing versions of Kenzo's products, are directly, and unfairly, competing with Kenzo's economic interests in the State of Florida and causing Kenzo harm within this jurisdiction.

5.     Like many other famous intellectual property owners, Kenzo suffers ongoing daily and sustained violations of its intellectual property rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit Kenzo's trademarks and copyrighted works for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with the Kenzo name and associated intellectual property and the destruction of the legitimate market sector in which it operates.

6.     In order to combat the indivisible harm caused by the combined actions of Defendants and others engaging in similar conduct, each year Kenzo expends significant monetary resources in connection with intellectual property enforcement efforts.  The recent explosion of counterfeiting over the Internet has created an environment that requires companies, such as Kenzo, to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and itself from the ill effects of confusion and the erosion of the goodwill connected to Kenzo's brand.

## THE DEFENDANTS

7.     Defendants are individuals and/or business entities of unknown makeup, each of whom, upon information and belief, either reside and/or operate in foreign jurisdictions or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants target their business activities toward consumers throughout the United States, including within this district, and conduct pervasive business through the operation of, at least, one fully interactive commercial Internet based e-commerce store via, at least, the Internet marketplace website, Amazon.com, under the Seller IDs.

8.     Defendants are the past and present controlling forces behind the sale of products bearing counterfeits and infringements of Kenzo's trademarks and/or unauthorized copies of Kenzo's copyrighted works described herein using at least the Seller IDs.

9.     Upon information and belief, Defendants directly engage in unfair competition with Kenzo by advertising, offering for sale, and selling goods bearing counterfeits and infringements of one or more of Kenzo's trademarks and/or unauthorized copies of Kenzo's copyrighted works to consumers within the United States and this district through Internet based

e-commerce stores using, at least, the Seller IDs.  Defendants, upon information and belief, also operate additional names or seller identification aliases not yet known to Kenzo. Defendants have purposefully directed some portion of their illegal activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and/or shipment of counterfeit and infringing Kenzo branded goods into the State.

10.     Defendants have registered, established or purchased, and maintained their Seller IDs.  Upon information and belief, Defendants have engaged in fraudulent conduct with respect to the registration of the Seller IDs by providing false and/or misleading information to the Internet based e-commerce platforms where they sell during the registration or maintenance process related to their respective Seller ID. Upon information and belief, Defendants have anonymously registered and maintained some of the Seller IDs for the sole purpose of engaging in illegal counterfeiting activities.

11.     Upon information and belief, Defendants will continue to register or acquire new seller identification aliases for the purpose of selling and offering for sale goods bearing counterfeit and confusingly similar imitations of Kenzo's trademarks and/or unauthorized copies of Kenzo's copyrighted works unless preliminarily and permanently enjoined.

12.     Defendants' Internet-based businesses amount to nothing more than illegal operations established and operated in order to infringe the intellectual property rights of Kenzo and others.

13.     Defendants' business names, i.e., the Seller IDs, associated payment accounts, and any other alias seller identification names used in connection with the sale of counterfeit and infringing goods bearing Kenzo's trademarks are essential components of Defendants' online activities and are one of the means by which Defendants further their counterfeiting and

infringing scheme and cause harm to Kenzo. Moreover, Defendants are using Kenzo's famous brand name and trademarks to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of Kenzo's legitimate marketplace at Kenzo's expense.

**COMMON FACTUAL ALLEGATIONS**

**Plaintiff's Business and Trademark Rights**

14.     Kenzo is the owner of all rights in and to the trademarks identified on Schedule "B" hereto (collectively, "Kenzo Marks"), which are valid and registered on the Principal Register of the United States Patent and Trademark Office. The  Kenzo  Marks  are  used  in connection with the manufacture and distribution of high quality goods in the categories also identified on Schedule "B."   Additionally, Kenzo is the owner of the Copyrighted Work  entitled "TIGER HEAD" under United States Copyright Registration No. VA 1-852-716, as well as the Copyrighted Work entitled "EYES Print – 1" under United States Copyright Registration No. VA 1-883-770 (together, the "Kenzo Copyrighted Works").  Kenzo's ownership and registration of the Kenzo Copyrighted Works precedes Defendants' infringement as alleged herein.  True and correct copies of the Certificates of Registration for the Kenzo Marks and the Kenzo Copyrighted Works are attached hereto as Composite Exhibit "1."

15.     The Kenzo Marks and Kenzo Copyrighted Works have been used in interstate commerce to identify and distinguish Kenzo's quality goods for an extended period of time.

16.     The Kenzo Marks and Kenzo Copyrighted Works serve as symbols of Kenzo's quality, reputation and goodwill and the Kenzo Marks have never been abandoned.

17.     The Kenzo Marks are well known and famous and have been for many years. Kenzo has expended substantial time, money and other resources developing, advertising and otherwise promoting the Kenzo Marks and Kenzo Copyrighted Works. The Kenzo Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

18.     Further, Kenzo has extensively used, advertised, and promoted the Kenzo Marks in the United States in association with the sale of high quality goods. Kenzo has expended significant resources promoting the Kenzo Marks and products bearing the Kenzo Marks. In recent years, annual sales of products bearing the Kenzo Marks within the United States have been substantial.

19.     As a result of Kenzo's efforts, members of the consuming public readily identify merchandise bearing the Kenzo Copyrighted Works or sold under the Kenzo Marks as being high quality merchandise sponsored and approved by Kenzo.

20.     Accordingly, the Kenzo Marks have achieved secondary meaning as identifiers of high quality goods.

21.     Kenzo has carefully monitored and policed the use of the Kenzo Marks and has never assigned or licensed the Kenzo Marks or the Kenzo Copyrighted Works to any of the Defendants in this matter.

22.     Genuine goods bearing the Kenzo Marks and copies of the Kenzo Copyrighted Works are widely legitimately advertised and promoted by Kenzo, its authorized distributors, and unrelated third parties via the Internet.  Over the course of the past several years, visibility on the Internet, particularly via Internet search engines such as Google, Yahoo!, and Bing has become increasingly important to Kenzo's overall marketing and consumer education efforts. Thus, Kenzo expends significant monetary resources on Internet marketing and consumer

education, including search engine optimization ("SEO") strategies. Those strategies allow Kenzo and its authorized retailers to fairly and legitimately educate consumers about the value associated with the Kenzo brand and the goods sold thereunder.

**Defendants' Infringing Activities**

23.     Upon information and belief, Defendants are promoting and advertising, distributing, selling, and/or offering for sale goods, including clothing, such as shirts and t-shirts, and cases for mobile phones in interstate commerce bearing counterfeit and infringing trademarks that are exact copies of the Kenzo Marks and/or using unauthorized copies of Kenzo's Copyrighted Works (the "Infringing Goods") through at least the Internet based e-commerce stores operating under the Seller IDs using, at least, the listings and associated images identified by the Amazon Standard Identification Numbers ("ASIN") on Schedule "C" annexed hereto. Specifically, upon information and belief, Defendants are using identical copies of the Kenzo Marks for different quality goods. Kenzo has used the Kenzo Marks and the Kenzo Copyrighted Works extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of Kenzo's merchandise.

24.     Upon information and belief, Defendants' Infringing Goods are of a quality substantially and materially different than that of Kenzo's genuine goods. Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Infringing Goods with the knowledge and intent that such goods will be mistaken for the genuine high quality goods offered for sale by Kenzo, despite Defendants' knowledge that they are without authority to use the Kenzo Marks or the Kenzo Copyrighted Works.  The net effect of Defendants' actions will cause confusion of consumers, at the time of initial interest, sale, and in the post-sale setting,

8

who will believe Defendants' Infringing Goods are genuine goods originating from, associated with, and approved by Kenzo.

25.     Defendants advertise their Infringing Goods for sale to the consuming public via e-commerce stores operating under at least, the Seller IDs. In so advertising these goods, Defendants improperly and unlawfully use the Kenzo Marks without Kenzo's permission. Defendants also reproduce, distribute, use, offer to sell, and sell copies of the Kenzo Copyrighted Works.  The misappropriation of Kenzo's advertising ideas in the form of the Kenzo Marks and the Kenzo Copyrighted Works is the proximate cause of damage to Kenzo.

26.     As part of their overall infringement and counterfeiting scheme, Defendants are, upon information and belief, all employing and benefitting from substantially similar, paid advertising and marketing strategies based, in large measure, upon an illegal use of counterfeits and infringements of Kenzo's intellectual property. Specifically, Defendants are using counterfeits and infringements of Kenzo's famous name and the Kenzo Marks in order to make their e-commerce stores selling illegal goods appear more relevant and attractive to consumers online. By their actions, Defendants have created an illegal marketplace operating in parallel to the legitimate marketplace for Kenzo's genuine goods. Defendants are causing concurrent and indivisible harm to Kenzo and the consuming public by (i) depriving Kenzo and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Kenzo's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the Kenzo Marks, and (iii) increasing Kenzo's overall cost to market its goods and educate consumers about its brand via the Internet.

27.     Upon information and belief, Defendants are concurrently targeting their counterfeiting and infringing activities toward consumers and causing harm within this district

and elsewhere throughout the United States.  As a result, Defendants are defrauding Kenzo and the consuming public for Defendants' own benefit.

28.     Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Kenzo's ownership of the Kenzo Marks and the Kenzo Copyrighted Works, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

29.     Defendants' use of the Kenzo Marks and/or the Kenzo Copyrighted Works, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Infringing Goods, is without Kenzo's consent or authorization.

30.     Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Kenzo's rights for the purpose of trading on Kenzo's goodwill and reputation.  If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Kenzo and the consuming public will continue to be harmed.

31.     Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade before, during and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Kenzo's genuine goods and Defendants' Infringing Goods, which there is not.

32.     Upon information and belief, Defendants' payment and financial accounts are being used by Defendants to accept, receive, and deposit profits from Defendants' trademark

counterfeiting and infringing and unfairly competitive activities connected to their Seller IDs and any other alias seller identification names being used and/or controlled by them.

33.     Further, upon information and belief, Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Kenzo.

34.     Kenzo has no adequate remedy at law.

35.     Kenzo is suffering irreparable and indivisible injury and has suffered substantial damages as a result of Defendants' unauthorized and wrongful use of the Kenzo Marks and/or the Kenzo Copyrighted Works.   If Defendants' counterfeiting and infringing, and unfairly competitive activities are not preliminarily and permanently enjoined by this Court, Kenzo and the consuming public will continue to be harmed.

36.     The harm and damages sustained by Kenzo have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of products bearing counterfeits and infringements of the Kenzo Marks and/or unauthorized copies of the Kenzo Copyrighted Works.

**COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT
PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)
(Excluding Defendant MWO OPQ (Defendant Number 27), Defendant Sere YCIEU
(Defendant Number 29), Defendant wu hua qing (Defendant Number 21), Defendant
WUHUO (Defendant Number 32), and Defendant ZengCheng Maoyi (Defendant Number
19))**

37.     Kenzo hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 36 above.

38.     This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of the Kenzo Marks in commerce in connection with the promotion, advertisement, distribution, offering for sale and sale of the Infringing Goods.

39.     Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods using counterfeits and/or infringements of one or more of the Kenzo Marks. Defendants are continuously infringing and inducing others to infringe the Kenzo Marks by using them to advertise, promote and sell counterfeit and infringing goods.

40.     Defendants' concurrent counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Infringing Goods.

41.     Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Kenzo and are unjustly enriching Defendants with profits at Kenzo's expense.

42.     Defendants' above-described illegal actions constitute counterfeiting and infringement of the Kenzo Marks in violation of Kenzo's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

43.     Kenzo has suffered and will continue to suffer irreparable injury and damages due to Defendants' above described activities if Defendants are not preliminarily and permanently enjoined. Additionally, Defendants will continue to wrongfully profit from their illegal activities.

### COUNT II - FALSE DESIGNATION OF ORIGIN
### PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

44.     Kenzo hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 36 above.

45.     Upon information and belief, Defendants' Infringing Goods bearing, offered for sale and sold using copies of the Kenzo Marks have been widely advertised and offered for sale throughout the United States via at least one Internet marketplace website.

46.     Defendants' Infringing Goods bearing, offered for sale, and sold using copies of the Kenzo Marks are virtually identical in appearance to Kenzo's genuine goods. However, Defendants' Infringing Goods are different and likely inferior in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Infringing Goods.

47.     Defendants, upon information and belief, have used in connection with their advertisement, offer for sale, and sale of their Infringing Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress, which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Kenzo's detriment.

48.     Defendants have authorized infringing uses of the Kenzo Marks in Defendants' advertisement and promotion of their counterfeit and infringing branded goods.  Defendants have misrepresented to members of the consuming public that the Infringing Goods being advertised and sold by them are genuine, non-infringing goods.

49.     Additionally, Defendants are using counterfeits and infringements of the Kenzo Marks in order to unfairly compete with Kenzo and others for space within search engine organic results, thereby jointly depriving Kenzo of a valuable marketing and educational tool which would otherwise be available to Kenzo and reducing the visibility of Kenzo's genuine goods on the World Wide Web.

50.     Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

51.     Kenzo has no adequate remedy at law, and has sustained indivisible injury and damage caused by Defendants' concurrent conduct. Absent an entry of an injunction by this Court, Defendants will continue to wrongfully reap profits and Kenzo will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

**COUNT III – COPYRIGHT INFRINGEMENT**
**PURSUANT TO 17 U.S.C. § 501**

52.     Kenzo hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 36 above.

53.     Defendants have infringed and will continue to infringe the Kenzo Copyrighted Works at least by copying, selling, advertising, reproducing and placing into a chain of distribution, unauthorized copies or derivations of at least one of the Kenzo Copyrighted Works in violation of 17 U.S.C. § 501.

54.     Upon information and belief, Defendants may be knowingly and willfully engaging in the copyright infringement alleged herein for the purpose of profiting therefrom.

55.     Defendants' unlawful actions have caused and are continuing to cause damage to Kenzo. Kenzo will continue to suffer irreparable injury due to the above described activities of Defendants absent entry of a preliminary and permanent injunction.

**COUNT IV - COMMON LAW UNFAIR COMPETITION.**

56.     Kenzo hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 36 above.

57.     This is an action against Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of goods bearing marks that are virtually identical, both visually and phonetically, to the Kenzo Marks in violation of Florida's common law of unfair competition.

58.     Defendants are promoting and otherwise advertising, selling, offering for sale and distributing goods bearing counterfeits and infringements of the Kenzo Marks. Defendants are also using counterfeits and infringements of the Kenzo Marks to unfairly compete with Kenzo and others for (1) space in search engine results across an array of search terms and (2) visibility on the World Wide Web.

59.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Kenzo Marks.

60.     Kenzo has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendants' actions.

## COUNT V - COMMON LAW TRADEMARK INFRINGEMENT

61.     Kenzo hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 36 above.

62.     This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Infringing Goods bearing the Kenzo Marks.  Kenzo is the owner of all common law rights in and to the Kenzo Marks.

63.     Specifically, Defendants, upon information and belief, are manufacturing, promoting, and otherwise advertising, distributing, offering for sale, and selling goods bearing infringements of the Kenzo Marks.

64.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Infringing Goods bearing the Kenzo Marks.

65.     Kenzo has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

## PRAYER FOR RELIEF

66.     WHEREFORE, Kenzo demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

a.     Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Infringing Goods; from infringing, counterfeiting, or diluting the Kenzo Marks and/or the Kenzo Copyrighted Works; from using the Kenzo Marks and/or the Kenzo Copyrighted Works, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress that may be calculated to falsely advertise the services or goods of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Kenzo; from falsely representing themselves as being connected with Kenzo, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants, are in any way endorsed by, approved by, and/or associated with Kenzo; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the Kenzo Marks and/or the Kenzo Copyrighted Works in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent

16

Defendants' goods as being those of Kenzo, or in any way endorsed by Kenzo and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Kenzo's name, trademarks, or copyrighted works; and from otherwise unfairly competing with Kenzo.

b.      Entry of an Order requiring the Seller IDs, and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell and/or selling goods bearing counterfeits and infringements of the Kenzo Marks be disabled by the applicable governing Internet marketplace website.

c.      Entry of an Order that, upon Kenzo's request, any Internet marketplace website operators and/or administrators who are provided with notice of the injunction, including but not limited to Amazon.com, Inc., permanently remove any and all listings and associated images of goods bearing counterfeits and/or infringements of the Kenzo Marks via the e-commerce stores operating under the Seller IDs, including but not limited to the listings and associated images identified by the Amazon Standard Identification Numbers ("ASIN") on Schedule "C" annexed hereto, and any other listings and images of goods bearing counterfeits and/or infringements of the Kenzo Marks associated with any ASIN linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods bearing counterfeits and/or infringements of the Kenzo Marks.

d.      Entry of an Order that, upon Kenzo's request, any Internet marketplace website operators and/or administrators, including but not limited to Amazon.com, Inc., who are provided with notice of the injunction, immediately cease fulfillment of and sequester all goods

of each Defendant bearing one or more of the Kenzo Marks in its inventory, possession, custody, or control, and surrender those goods to Kenzo.

e.      Entry of an Order requiring Defendants to account to and pay Kenzo for all profits and damages resulting from Defendants' trademark counterfeiting and infringing and unfairly competitive activities and that the award to Kenzo be trebled, as provided for under 15 U.S.C. §1117, or, at Kenzo's election with respect to Count I, that Kenzo be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

f.      Entry of an Order requiring Defendants to account to and pay Kenzo for all damages sustained by Kenzo in consequence of Defendants' copyright infringement described above together with appropriate interest thereon; Defendants be required to account to Kenzo for, and disgorge to Kenzo, and to pay to Kenzo, all the gains, profits, savings and advantages realized by Defendants from their acts of copyright infringement described above; Kenzo be awarded, at its election, statutory damages within the provisions of Sections 504(c) of the Copyright Act, 17 U.S.C. § 504(c), enhanced to reflect the willful nature of Defendants' infringement, instead of an award of actual damages or profits, and be awarded their costs and disbursements incurred in this action, including reasonable attorney fees pursuant to 17 U.S.C. § 505.

g.      Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of Kenzo's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

h.      Entry of an Order that, upon Kenzo's request, any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms,

including but not limited to, Amazon Payments, Inc., PayPal, Inc., and their related companies

and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in

all financial accounts and/or sub-accounts used in connection with the Seller IDs or other alias

seller identification or e-commerce store names used by Defendants presently or in the future, as

well as any other related accounts of the same customer(s) and any other accounts which transfer

funds into the same financial institution account(s), to be surrendered to Kenzo in partial

satisfaction of the monetary judgment entered herein.

        i.      Entry of an award of pre-judgment interest on the judgment amount.

        j.      Entry of an Order for any further relief as the Court may deem just and

proper.

DATED: December 21, 2017.        Respectfully submitted,

        STEPHEN M. GAFFIGAN, P.A.

        By: **s/Stephen M. Gaffigan**
        Stephen M. Gaffigan (Fla. Bar No. 025844)
        Virgilio Gigante (Fla. Bar No. 082635)
        T. Raquel Wiborg-Rodriguez
        (Fla. Bar. No. 103372)
        401 East Las Olas Blvd., Suite 130-453
        Ft. Lauderdale, Florida 33301
        Telephone: (954) 767-4819
        Facsimile: (954) 767-4821
        E-mail: Stephen@smgpa.net
        E-mail: Leo@smgpa.net
        E-mail: Raquel@smgpa.net

        Attorneys for Plaintiff
        KENZO S.A.

## SCHEDULE "A"
## DEFENDANTS BY NUMBER AND SELLER IDs

| Def. No. | Defendant / Seller ID | Amazon Seller ID Number |
|---|---|---|
| 1 | Albertee | A22G6R8VHIHXCM |
| 1 | Audrey Juliet | A3F883YV8LX1WL |
| 1 | CASI EXPRESS | A3F883YV8LX1WL |
| 1 | Frederic Elizabeth | AKATDIPRD11YW |
| 1 | William's general shop | AKATDIPRD11YW |
| 1 | Len Bright | AKR4IUBF7F163 |
| 1 | Naza Shop | AKR4IUBF7F163 |
| 1 | Pioneer Game | A114SXR8L5NKGF |
| 1 | SINGA INC | A1V9CGD73ET7ON |
| 1 | Trevor Ola | A3RO8LMOX5596M |
| 1 | William Why | A2DJ2T3AFXFX04 |
| 1 | Zona Hughes | A1EOFNKAJ8LAB8 |
| 1 | Kingsa Supplier | A1EOFNKAJ8LAB8 |
| 2 | APRIL WESTBROOK | A2UPL38WG4UCMC |
| 3 | BARBARA KE | A2KMYKP0UV91EC |
| 4 | Barbara Rosario | A1F3OM70DJDSSW |
| 5 | Bchrystaliebr | A2L8YFPTVUH4M7 |
| 6 | BHEDJ WOA | A20Z5ZEL8JBRZ8 |
| 7 | bhjaoiidjr | A2GKMTWIY33QIC |
| 8 | bnufbn bgrbg | A5SRGYW67OKNW |
| 9 | BoBoTo | A91GGURD8L4WE |
| 9 | Bill Daniel | A91GGURD8L4WE |
| 9 | Darcy-Ro | A3UQ28QBTMVHD1 |
| 9 | Five-Go | A1X29TA8VNE4TR |
| 9 | 5G0RLKUY8 | A1X29TA8VNE4TR |
| 9 | Fronit | A2XFQZXXTWSS0S |
| 9 | Mooninght | AX8F48JKE02TP |
| 9 | Rock & Ro | ABUWWPPVT3M0M |
| 9 | VrTr | AL6QF2II6D0IR |
| 10 | CARMONOUDI CO.,LTD | A10GEFLPI5OT81 |
| 11 | Coleye shop | A2I2UTTRPEED07 |
| 12 | dall dro | A3KYFCIGT8SMX |
| 13 | GAKETE | A2GXJX0LNU6BAB |
| 13 | HNJU | ACYMU7Y9Z8H8B |
| 13 | KDTMK | A6VUGP0RUY3RC |
| 13 | Robert Westbrook | A1CD5JAY0MMRSL |
| 14 | gfdjfd hkhy | ADVEW8DP714VQ |
| 15 | gongguofu | A2RIHVN10NEZB |
| 15 | minceth | A1T9ZA9MOE6GHT |
| 16 | GREGORY HA | A3O4CGZRYT9PXC |
| 17 | GREGORY YOUNG | A3CH8LLN6HGM0M |

| Def. No. | Defendant / Seller ID | Amazon Seller ID Number |
|---|---|---|
| 18 | HAIFEI | APAFJSK57MN7K |
| 19 | Hn hss xl | A33ZW6ETR22VU5 |
| 19 | ZengCheng Maoyi | A1D41XDGPY5EK9 |
| 20 | Jerry badolato | AQSRJH1DVT3WK |
| 21 | JOHN COLLIGAN | A35I0ZAGKB91P5 |
| 21 | lin jian qing | A2R4WEGEM97RDC |
| 21 | wu hua qing | A3ED8HW1KM8K5K |
| 22 | joseduran | AYAZBW1ON82TD |
| 23 | lala mckenzie | AHXTUV801KRVS |
| 23 | ongdfo | A1R1FGM1L11QH0 |
| 24 | Lillie Ad | A2PVLWVVO48E0T |
| 25 | lin yun fu | AIUWZW3XC4F07 |
| 26 | MARVIN SIMS | ASCZ2A9HZWSNE |
| 27 | MWO OPQ | A22CEMBXX5ML8W |
| 28 | Nder Moment | A1E0H8KK6XVEKI |
| 29 | Sere YCIEU | AR3TDJ8XDT1A5 |
| 30 | ShangYu-WG | A29IK8GWM254P |
| 31 | shenzhenfuruixiangmaoyi | A36XFOSKE8FMF6 |
| 32 | WUHUO | A2UPC6TUJK8S2P |
| 33 | Wuiwoe QIANA | A3BAR7HI2S6SBW |
| 34 | wuyufang | AX0AC0HME6F5 |
| 35 | xinxingxiangyuan Inc- hualing yu | A58833SQQYITF |
| 35 | XUEJING | A56HZ17GNS451 |
| 36 | zibohuichangcc | A2ZPDDU00JSGKG |
| 37 | Binstinoo | A35S30CNC92NZ |
| 38 | Fheioi | A3FTIY250FUM31 |
| 39 | George Youngdahl | A3C0RQOHLGQ286 |
| 40 | Meidi | AIPSR9N5EO795 |
| 41 | stephanie lagace | A20M0SHJM967SM |
| 42 | Taleen Lobsingerh | AY7TVD0O9GP11 |
| 43 | WZBQW | A2ZRWPWAJLHYI3 |

SCHEDULE "B"
**PLAINTIFF'S FEDERALLY REGISTERED TRADEMARKS**

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
| KENZO | 1,214,902 | November 2, 1982 | IC 025 – Articles of Clothing-Namely, Dresses, Coats, Trousers, Blouses, Shirts, Lingerie, Pants, Tee-Shirts, Footwear, Scarves. |
|  | 4,570,470 | July 22, 2014 | IC 009 – spectacles, sun glasses and eye glasses cases; cases for mobile phones; holder designed for mobile phones, namely, hands-free devices for mobile phones; mobile phones straps; bags adapted for laptops; USB hardware, namely, blank USB flash drives; headphones.<br><br>IC 014 – Jewelry, namely, earrings, cuff links, bracelets, brooches, necklaces, pendants, rings; watches, watch straps and watch cases; key rings of precious metal.<br><br>IC 018 – boxes of leather or imitation of leather; traveling bags, traveling cases of leather, valises, garments bags for travel, unfitted vanity cases; backpacks, handbags; briefcases of leather, wallets, purses; umbrellas.<br><br>IC 024 – textiles and textile goods, namely, household linen; bath linen; bath towels and face towels of textile, washing mitts; bed linen, bed sheets, bed blankets, covers for cushions, pillow cases, lap blankets, woolen blankets; table linen, not of paper, table cloths, not of paper, table runners, table napkins of textiles, place mats, not of paper; pocket handkerchiefs of textile.<br><br>IC 025 – clothing and underwear, namely, shirts; T-shirts, pullovers, vests, skirts, dresses, trousers, coats, jackets, belts for clothing, scarves, sashes for wear, gloves, neckties, socks, lingerie, bathing suits, pajamas, nightgowns, footwear, headgear, namely, caps, hats. |

### SCHEDULE "C"
### AMAZON STANDARD IDENTIFICATION NUMBERS ("ASIN") BY DEFENDANT

| Def. No. | Defendant / Seller ID | Amazon Seller ID Number | Infringing Product ASIN | |
|---|---|---|---|---|
| 1 | Albertee | A22G6R8VHIHXCM | B01N9012FZ B01N52P5U2 | |
| 1 | Audrey Juliet | A3F883YV8LX1WL | B01EH1LEI4 B01EH1MRX0 | |
| 1 | CASI EXPRESS | A3F883YV8LX1WL | B01EH1LEI4 B01EH1MRX0 | |
| 1 | Frederic Elizabeth | AKATDIPRD11YW | B01G4YDHS2 B01G4YEIFI | B01G4YDHS2 B01G4YEIFI |
| 1 | William's general shop | AKATDIPRD11YW | B01G4YDHS2 B01G4YEIFI | B01G4YDHS2 B01G4YEIFI |
| 1 | Len Bright | AKR4IUBF7F163 | B01N9012FZ B01N0E3W2X B01G4YDHS2 B01G4YDOZS B01G4YE65K B01K78JQ86 B01K78JY7E B01K78JZ5A | B01K78K1J4 B01K78K61W B01K78KAHC B01K78KTY6 B01K78KV94 B01K78L1VQ B01K78LE2M |
| 1 | Naza Shop | AKR4IUBF7F163 | B01N9012FZ B01N0E3W2X B01G4YDHS2 B01G4YDOZS B01G4YE65K B01K78JQ86 B01K78JY7E B01K78JZ5A | B01K78K1J4 B01K78K61W B01K78KAHC B01K78KTY6 B01K78KV94 B01K78L1VQ B01K78LE2M |
| 1 | Pioneer Game | A114SXR8L5NKGF | B01K78KA3G B01K78KGL2 | |
| 1 | SINGA INC | A1V9CGD73ET7ON | B01K78JQ86 B01K78JSDY | |
| 1 | Trevor Ola | A3RO8LMOX5596M | B01G4YDHS2 B01G4YDJSU | |
| 1 | William Why | A2DJ2T3AFXFX04 | B01N9012FZ B01MYN1ZNV | |
| 1 | Zona Hughes | A1EOFNKAJ8LAB8 | B01K78JQ86 B01K78K5YA | |
| 1 | Kingsa Supplier | A1EOFNKAJ8LAB8 | B01K78JQ86 B01K78K5YA | |
| 2 | APRIL WESTBROOK | A2UPL38WG4UCMC | B00Y47840I | |
| 3 | BARBARA KE | A2KMYKP0UV91EC | B00Y4780JS | |
| 4 | Barbara Rosario | A1F3OM70DJDSSW | B00Y476ESC | |

| Def. No. | Defendant / Seller ID | Amazon Seller ID Number | Infringing Product ASIN | |
|---|---|---|---|---|
| 5 | Bchrystaliebr | A2L8YFPTVUH4M7 | B00ZZG5CAW | |
| 6 | BHEDJ WOA | A20Z5ZEL8JBRZ8 | B01K78KA3G<br>B01K78KCGQ<br>B01K78KA3G<br>B01K78KCGQ<br>B01K78KDLK<br>B01K78KEEQ<br>B01K78KGL2<br>B01K78KHMK<br>B01K78KIRE<br>B01K78KKFE<br>B01K78KMVG<br>B01K78KO14<br>B01K78KQBW<br>B01K78KW9S<br>B01K78KXGU<br>B01K78KYHI | B01K78L03K<br>B01K78L1VQ<br>B01K78L5ZS<br>B01K78L6Y8<br>B01K78L88W<br>B01K78LAHQ<br>B01K78LB7U<br>B01K78LBZW<br>B01K78LCYW<br>B01K78LE2M<br>B01K78LFF8<br>B01K78LKXA<br>B01K78LN0U<br>B01K78LPQM<br>B01K78LQSY<br>B01K78LULC |
| 7 | bhjaoiidjr | A2GKMTWIY33QIC | B01M13X2MG<br>B01LZ5SO4S | |
| 8 | bnufbn bgrbg | A5SRGYW67OKNW | B00Y479EI4 | |
| 9 | BoBoTo | A91GGURD8L4WE | B01G4YDHS2<br>B01G4YDQEW | |
| 9 | Bill Daniel | A91GGURD8L4WE | B01G4YDHS2<br>B01G4YDQEW | |
| 9 | Darcy-Ro | A3UQ28QBTMVHD1 | B01K78KA3G<br>B01K78KMVG | |
| 9 | Five-Go | A1X29TA8VNE4TR | B01K78KA3G<br>B01K78KEEQ | |
| 9 | 5G0RLKUY8 | A1X29TA8VNE4TR | B01K78KA3G<br>B01K78KEEQ | |
| 9 | Fronit | A2XFQZXXTWSS0S | B01K78KA3G<br>B01K78KDLK | |
| 9 | Mooninght | AX8F48JKE02TP | B01K78KA3G<br>B01K78KIRE | |
| 9 | Rock & Ro | ABUWWPPVT3M0M | B01HQ9NPK4<br>B01HQ9J094 | |
| 9 | VrTr | AL6QF2II6D0IR | B01K78KA3G<br>B01K78KL4XG | |
| 10 | CARMONOUDI CO.,LTD | A10GEFLPI5OT81 | B00Y4780JS | |
| 11 | Coleye shop | A2I2UTTRPEED07 | B01N9012FZ<br>B01MYN1ZO1 | |
| 12 | dall dro | A3KYFCIGT8SMX | B01HQ9NPK4<br>B01HQ9NSQA | |

24

| Def. No. | Defendant / Seller ID | Amazon Seller ID Number | Infringing Product ASIN | |
|---|---|---|---|---|
| 13 | GAKETE | A2GXJX0LNU6BAB | B01EH1LEI4 B01EH1LWYK | |
| 13 | HNJU | ACYMU7Y9Z8H8B | B01EH1LEI4 B01EH1MODI | |
| 13 | KDTMK | A6VUGP0RUY3RC | B01EH1LEI4 B01EH1MI9I | |
| 13 | Robert Westbrook | A1CD5JAY0MMRSL | B01K78KA3G B01K78KHMK | |
| 14 | gfdjfd hkhy | ADVEW8DP714VQ | B00Y4786WO | |
| 15 | gongguofu | A2RIHVN10NEZB | B00Y476LGC | |
| 15 | minceth | A1T9ZA9MOE6GHT | B01K78JQ86 B01K78JOBU B01K78JQ86 B01K78JQMW B01K78JQOU B01K78JSMA B01K78JVHW B01K78JWLM B01K78JZ5A B01K78JZ5U B01K78JZW8 B01K78JZYQ | B01K78K0V8 B01K78K1SU B01K78K2P2 B01K78K3FQ B01K78K5YA B01K78K8AQ B01K78L4XG B01K78LBZW B01K78LLW0 B01K78LN0U B01K78LPQM |
| 16 | GREGORY HA | A3O4CGZRYT9PXC | B00Y476ESC | |
| 17 | GREGORY YOUNG | A3CH8LLN6HGM0M | B00Y476LGC | |
| 18 | HAIFEI | APAFJSK57MN7K | B01K78JQ86 B01K78K9CS | |
| 19 | Hn hss xl | A33ZW6ETR22VU5 | B01M8JR1S4 | |
| 19 | ZengCheng Maoyi | A1D41XDGPY5EK9 | B00Y4776E8 | |
| 20 | Jerry badolato | AQSRJH1DVT3WK | B01K78KA3G B01K78KFG8 | |
| 21 | JOHN COLLIGAN | A35I0ZAGKB91P5 | B00Y47840I | |
| 21 | lin jian qing | A2R4WEGEM97RDC | B00Y4780JS | |
| 21 | wu hua qing | A3ED8HW1KM8K5K | B00Y478V92 | |
| 22 | joseduran | AYAZBW1ON82TD | B00Y47840I | |
| 23 | lala mckenzie | AHXTUV801KRVS | B01GFQUJZ8 | |
| 23 | ongdfo | A1R1FGM1L11QH0 | B01DOTR3MG B01DOTR4T8 | |
| 24 | Lillie Ad | A2PVLWVVO48E0T | B01K78KA3G B01K78KMVG | |
| 25 | lin yun fu | AIUWZW3XC4F07 | B00Y4780JS | |
| 26 | MARVIN SIMS | ASCZ2A9HZWSNE | B00ZZG5JS2 | |
| 27 | MWO OPQ | A22CEMBXX5ML8W | B00Y4776E8 | |
| 28 | Nder Moment | A1E0H8KK6XVEKI | B01GFQUJZ8 | |

| Def. No. | Defendant / Seller ID | Amazon Seller ID Number | Infringing Product ASIN | |
|---|---|---|---|---|
| 29 | Sere YCIEU | AR3TDJ8XDT1A5 | B00Y4776E8 | |
| 30 | ShangYu-WG | A29IK8GWM254P | B00Y47840I | |
| 31 | shenzhenfuruixiangmaoyi | A36XFOSKE8FMF6 | B01LYU3I9T B01LWVSUPC | |
| 32 | WUHUO | A2UPC6TUJK8S2P | B00Y478V92 | |
| 33 | Wuiwoe QIANA | A3BAR7HI2S6SBW | B00ZZG5M0M | |
| 34 | wuyufang | AX0AC0HME6F5 | B01N9012FZ | |
| 35 | xinxingxiangyuan Inc- hualing yu | A58833SQQYITF | B01K78JQ86 B01K78JSMA | |
| 35 | XUEJING | A56HZ17GNS451 | B01K78JQ86 B01K78JVHW | |
| 36 | zibohuichangcc | A2ZPDDU00JSGKG | B00Y478BOW | |
| 37 | Binstinoo | A35S30CNC92NZ | B01G4YDHS2 B01G4YDZSE B01G4YEAFQ B01K78JQ86 B01K78JRIU B01K78JSMA B01K78JTP6 B01K78JZW8 B01K78K2HK B01K78K74I B01K78KCGQ B01K78KDLK B01K78KEEQ B01K78KFG8 B01K78KGL2 B01K78KHMK B01K78KIRE B01K78KJJQ B01K78KKFE B01K78KMVG B01K78KO14 B01K78KP68 B01K78KQBW | B01K78KTY6 B01K78KV94 B01K78KW9S B01K78KXGU B01K78KYHI B01K78L03K B01K78L3FK B01K78L4XG B01K78L6Y8 B01K78L88W B01K78L9FO B01K78LB7U B01K78LBZW B01K78LCYW B01K78LFF8 B01K78LJ6S B01K78LLW0 B01K78LO04 B01K78LPQM B01K78LQSY B01K78LULC B01K78LVKM |
| 38 | Fheioi | A3FTIY250FUM31 | B01G4YDVFQ B01G4YDZSE B01G4YEAFQ B01K78JSMA B01K78K74I B01K78KEEQ B01K78KFG8 B01K78KGL2 B01K78KHMK | B01K78KKFE B01K78KQBW B01K78L03K B01K78LB7U B01K78LE2M B01K78LO04 B01K78LPQM B01K78LQSY B01K78LULC |

| Def. No. | Defendant / Seller ID | Amazon Seller ID Number | Infringing Product ASIN | |
|---|---|---|---|---|
| 39 | George Youngdahl | A3C0RQOHLGQ286 | B01K78JSMA<br>B01K78JTP6<br>B01K78JWLM<br>B01K78JZYQ<br>B01K78K74I<br>B01K78KB8K<br>B01K78KDLK<br>B01K78KEEQ<br>B01K78KKFE | B01K78KW9S<br>B01K78L4XG<br>B01K78L5ZS<br>B01K78LCYW<br>B01K78LE2M<br>B01K78LFF8<br>B01K78LJ6S<br>B01K78LKXA<br>B01K78LN0U |
| 40 | Meidi | AIPSR9N5EO795 | B01K78KB8K<br>B01K78KCGQ<br>B01K78KEEQ<br>B01K78KFG8<br>B01K78KGL2<br>B01K78KIRE<br>B01K78KJJQ<br>B01K78KKFE<br>B01K78KMVG<br>B01K78KO14<br>B01K78KP68<br>B01K78KQBW<br>B01K78KTY6<br>B01K78KW9S<br>B01K78KXGU<br>B01K78KYHI<br>B01K78L03K | B01K78L3FK<br>B01K78L4XG<br>B01K78L5ZS<br>B01K78L6Y8<br>B01K78L9FO<br>B01K78LAHQ<br>B01K78LB7U<br>B01K78LBZW<br>B01K78LE2M<br>B01K78LKXA<br>B01K78LLW0<br>B01K78LN0U<br>B01K78LO04<br>B01K78LQSY<br>B01K78LULC<br>B01K78LVKM |
| 41 | stephanie lagace | A20M0SHJM967SM | B01K78KCGQ<br>B01K78KFG8<br>B01K78KGL2<br>B01K78KHMK<br>B01K78KIRE<br>B01K78KKFE<br>B01K78KQBW<br>B01K78KV94<br>B01K78KW9S<br>B01K78L03K | B01K78L3FK<br>B01K78L9FO<br>B01K78LB7U<br>B01K78LCYW<br>B01K78LE2M<br>B01K78LJ6S<br>B01K78LO04<br>B01K78LPQM<br>B01K78LQSY<br>B01K78LULC |
| 42 | Taleen Lobsingerh | AY7TVD0O9GP11 | B01K78KB8K<br>B01K78KCGQ<br>B01K78KDLK<br>B01K78KFG8<br>B01K78KGL2<br>B01K78KHMK<br>B01K78KKFE<br>B01K78KMVG | B01K78L3FK<br>B01K78L6Y8<br>B01K78L88W<br>B01K78L9FO<br>B01K78LB7U<br>B01K78LBZW<br>B01K78LCYW<br>B01K78LFF8 |

| Def. No. | Defendant / Seller ID | Amazon Seller ID Number | Infringing Product ASIN | |
|---|---|---|---|---|
| | | | B01K78KTY6 | B01K78LJ6S |
| | | | B01K78KV94 | B01K78LPQM |
| | | | B01K78KW9S | B01K78LQSY |
| | | | B01K78KXGU | B01K78LVKM |
| | | | B01K78KYHI | |
| 43 | WZBQW | A2ZRWPWAJLHYI3 | B01K78KHMK | |
| | | | B01K78KKFE | |